Good morning, Your Honors. Jonathan Kirschbaum, Office of the Federal Defender for Mr. Orpiada. I'd like to reserve two minutes for rebuttal. This Court has repeatedly held that the mailbox rule applies when calculating tolling under 2244d-2. Under that rule, tolling begins when the prisoner has handed his State petition to prison officials for mailing. This Court has reasoned that the conditions that led to the adoption of the mailbox rule apply with equal force at the time of the filing of the State petition. Rather than follow this binding precedent, the District Court relied upon cases from the Supreme Court that interpreted the term properly filed. This was improper. Those cases solely concerned eligibility, not how much time gets tolled. These are separate questions. In fact, the Supreme Court has stated that pending and properly filed are independent terms. A petition can be pending even if it's not properly filed. Rather, the issue here is how much time the petition was pending. And this is a Federal question separate from eligibility, and this Court has interpreted that question as including the mailbox rule. There should be a uniform application of a Federal statute of limitations. An inmate in Nevada should get the same calculation and security as an inmate in any other State in this circuit. When the petitioner has done all that he can in order to stop the clock, which is hand the petition to the State officials, then that is when the petition should be considered pending and tolling should begin. What do we do with the term properly filed? Well, as the Supreme Court has indicated in those cases, properly filed is best left to eligibility. Properly filed date, as a matter of fact, can be quite elusive, because properly filed isn't just necessarily restricted to timing requirements. There's a lot of other filing requirements that go into filing one of these petitions. But, you know, all the other circuits that considered this directly said you look to State law on the mailbox filing rule, and you look to whether they permit or don't permit the mailbox rule in terms of properly filed. I guess we all agree Nevada does not permit it, correct? Nevada doesn't have it. And I also don't think it's accurate to say that all of the circuits have gone this way. The Second Circuit has actually specifically held that the State rules don't matter in this circumstance. And there's good reason for that. As I was saying before, there should be a uniform application. All inmates are similarly situated. When they're incarcerated, they're facing the same hurdles as any other inmate in any other circuit. And it shouldn't come down to the individual State rules when it comes to what the Petitioner has done in order to stop his clock. The other circuits that have addressed this have looked to State rules, but this circuit has not. This circuit has clearly stated many times, I count it seven times at least when they stated this, that the mailbox rule applies to the State petition, and this Court has not looked at it. And were those California cases? They were California cases, however. And tell us, of course, we know California has a very unusual system. They do have an unusual system. Which is not in the Nevada system. It's not. And this Court has not looked to any of the State rules in California to determine whether or not the mailbox rule should be applied in that circumstance. Because there really are none. I'm sorry? Well, there really are none in terms of time limits. Well, there's not. However, this Court has reasoned that the rationales underlying the mailbox rule are the reasons why the State why it's going to apply to the State petition, and those rationales are going to apply in all circumstances when the Petitioner is incarcerated, regardless of whether or not the State itself has adopted the mailbox rule. And once again, the question here really is the interpretation of the term, time-pending. And this Court has indicated that is a Federal question, and the Supreme Court has indicated that it's a question independent of the properly filed term in the statute. And this Court has interpreted that time-pending question as including the mailbox rule. Unless Your Honors have any other questions about this issue or the exhaustion issue, I'll reserve the remainder of my time for rebuttal. Thank you. Thank you. All right. May it please the Court, counsel. Good morning. My name is Jeffrey Conner, Deputy Attorney General from the State of Nevada, on behalf of the Respondents. As this Court is well aware, in 1996, Congress adopted the Anti-Terrorism and Effective Death Penalty Act, commonly referred to as AEDPA. In passing that statute, Congress adopted a one-year statute of limitations for the time period in filing a Federal petition for writ of habeas corpus by an individual that is in custody pursuant to an order of a State court. That statute includes a time period of tolling that specifically states, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. The District Court in this case found that the mailbox rule should not be applied in determining when that period of tolling begins in Nevada because Nevada, in Gonzalez v. State in 2002, specifically rejected application of the mailbox rule to the filing of a petition for writ of habeas corpus post-conviction filed pursuant to Chapter 34 of the Nevada Revised Statutes. Specifically, the question before this Court today is when to begin tolling. This Court should affirm the District Court's finding and should reject the petitioner's argument for two reasons. First, this Court should find that that argument is waived. I direct the Court's attention to page 523 of the excerpts of record where the petitioner quoted this Court's decision from Porter v. Olson acknowledging the time for filing or, excuse me, the time for tolling begins with the filing of a State petition. Now, would your argument be the same if there was malfeasance at the prison? In other words, well, here's the prisoner's petition. You know, that's from Quist. Let's throw that in a box for a couple days. Well, absolutely, Your Honor. It would be the same. That the mailbox rule should not be applied where there is, and I'm not conceding that in all cases, but if there was improper conduct on behalf by a correctional officer in preventing that person from filing his petition, then you're going to be in the ground area of equitable tolling. And whether or not the petitioner can establish that there was some impediment outside of his control that prevented him from filing a timely petition, that comes from Holland v. Florida. It's not cited in my brief. If the Court, I'm sure, is well aware of that case, but if it needs a supplemental citation to that, I'm happy to provide that to the Court. What about the weather? In Michigan, we don't get our meal every day anymore. Again, Your Honor, the weather is a circumstance that is outside the petitioner's control. And if he was able to establish that there was an impediment that prevented him from filing a timely petition that was outside of his control, that falls within the area of equitable tolling. And that goes directly to the petitioner's argument that not applying the mailbox rule is unfair to him. That's specifically why this Court and the United States Supreme Court has found that equitable tolling remains and can be applied to the AEDPA statute of limitations. Now, the petitioner's position on what term we're actually applying in determining when tolling begins is even inconsistent with this Court's case law. We look to Saffold v. Newland. The Court there specifically states that it was applying the mailbox rule to determine the date upon which the State petition was filed. Again, in Porter v. Olson, in 2010, this Court stated that the time for tolling begins with the filing of the State petition. The response position in this case is consistent with this Court's repeated application of the mailbox rule to determining when the petition is filed. Now, the petitioner points to Fernandez v. Artuse, which is a Second Circuit case that says this is a Federal matter, we apply the mailbox rule without reference to what the State courts would do. An important point about Fernandez v. Artuse is it was decided exactly one month and ten days before Pace v. DeGuglielmo was issued by the Supreme Court of the United States. That case specifically defined the term properly filed as being dependent upon satisfaction of the conditions for filing under State law. As we don't have an equitable tolling claim here, is that right? We do not, Your Honor. And I would argue that if any argument for a claim for equitable tolling is waived, it wasn't raised in the district court, it was not raised in the briefing, and any claim for equitable tolling is waived. And I would and furthermore, you know, if the Court finds that the petition was untimely, I would argue that the petitioner has waived any argument that his claims relate back. In the motion to dismiss, Respondents specifically pointed to why each and every claim in the petition does not relate back to the originally filed petition, which the district court found was merely legal conclusions and didn't provide any facts upon which the petitioner could rely upon for relation-backed purposes. Therefore, this Court should affirm the district court's finding that the petition is untimely. If the Court has no further questions, I believe that would conclude my presentation. Nevada has specifically rejected the mailbox rule. All of the case law interpreting this issue looks to the time of filing as to when tolling begins. This Court can, as is stated in our brief, distinguish this circuit's case law on the issue because California has not specifically rejected a mailbox rule, whereas in Gonzalez v. State, the Nevada Supreme Court specifically addressed this issue and rejected application of the mailbox rule to the filing of a State habeas petition. Thank you. Thank you very much. Questions? I just want to address four quick points. First, with respect to preservation, all the issues that we've presented on appeal are in support of the certified issue, and so we're not restricted to just the arguments that we raised below. So I do believe that this Court is completely empowered to address all of our arguments. With respect to equitable tolling, of course, the State will come in in any of these situations and argue that equitable tolling isn't appropriate in those circumstances because their position typically is going to be that equitable tolling didn't prevent them from filing the Federal petition. This has to do with the State petition, and unfortunately, I do believe there is a Ninth Circuit law that is on point on that. With respect to the term filed, I think that's a semantical argument on the part of the State. The mailbox rule basically says that a petition is constructively filed at the time it's filed, and that's basically what we're saying here. And then finally, they mentioned that the Second Circuit case was decided before Pace. However, it was decided after Artuse v. Bennett, which was the first case that the Supreme Court did interpret the term properly filed. Counsel, Judge Gould, if I could ask you a question, please. Do you have — is there any case that you have that's been — a published case, or district court level, where the court has applied the mailbox rule in a case where the State — where the petition was being filed for did not recognize the mailbox rule? Yes, that Second Circuit case specifically did talk about that. It says that we acknowledge that New York has rejected the mailbox rule for their prisoner petitions, which are actually called 44010 motions in New York. And — but they said that this is a Federal question for us to apply Federal rules, and because of that, they decided the mailbox rule should apply. Okay. Then how do you answer the argument from the Nevada Attorney General deputy that that Second Circuit case was decided before the Supreme Court said what it said in Pace, which is that it was a Federal case? Well, Pace built on the decision in Artoos v. Bennett where they first interpreted the term properly filed. So I don't think Pace established anything new other than just basically reaffirming the fact that timing rules are included in the properly filed eligibility question. Okay. Thank you. Thank you, Your Honors. Thank you. The case just argued, Orpillada v. McDaniel, is submitted. I thank you both for your argument this morning. We'll now hear argument in the United States v. Reese Lopez.
judges: Quist, McKeown, Gould